IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HERMAN LEON BRICKEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. SA-13-CA-961-XR |
| | § | |
| AMAZON.COM, INC.et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this date, the Court considered Defendants' motion to strike and, in the alternative, motion to dismiss. Doc. No. 16. After careful consideration, the Court GRANTS the motion to dismiss.

## BACKGROUND

This case arises out of Plaintiff's copyright infringement claim stemming from Defendants allegedly unauthorized sale of Plaintiff's CD, "Texas Blues and County Tear Jerkers." Plaintiff contends that, although he initially authorized the sale of his CD, Defendants unlawfully continued sales after he withdrew his consent. Doc. No. 4. On October 23, 2013, Plaintiff filed an original complaint in this Court alleging violations of the Copyright Act. *Id.* Plaintiff seeks statutory damages, injunctive relief, and a total of $15,000,000—$5,000,000 from each defendant—in punitive damages. *Id.* On December 19, 2013, Defendants filed this motion to strike Plaintiff's claims for punitive damages and mental anguish. Doc. No. 16. In the alternative, Defendants urge that these claims should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Copyright Act does not authorize punitive damages. *Id.*

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While detailed factual allegations are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. However, a complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id.* at 556.

## DISCUSSION

Defendants argue the Copyright Act does not authorize the Court to award punitive damages and that therefore Plaintiff's prayer for this form of damages should be stricken or dismissed. Doc. No. 16. The Copyright Act provides for two kinds of damages. The copyright owner can recover "actual damages and any additional profits of the infringer. . . *or*. . . statutory damages." 17 U.S.C. § 504(a) (emphasis added); *On Davis v. The Gap, Inc.*, 246 F.3d 152, 172 (2d Cir. 2001) ("The purpose of punitive damages—to punish and prevent malicious conduct—is generally achieved under the Copyright Act through the provisions of 17 U.S.C. § 504(c)(2), which allow increases to an award of statutory damages in cases of willful infringement."). If the copyright owner establishes willful infringement, then the court "may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

In light of this statutory scheme, courts routinely hold that "[p]unitive damages are not available in statutory copyright infringement actions." *Oboler v. Goldin*, 714 F.2d 211, 213 (2d Cir. 1983); *Christopher Phelps & Assoc., L.L.C. v. Galloway*, 492 F.3d 532, 545 (4th Cir. 2007) ("[T]he injunction would take on a fundamentally punitive character, which has not been countenanced in the Copyright Act's remedies."); *Bucklew v. Hawkins, Ash, Baptie & Co., L.L.P.*, 329 F.3d 923, 931 (7th Cir. 2003) ("[W]hile the copyright statute does authorize statutory damages unrelated to losses or gains . . . the statute contains no provision for punitive damages." (internal citation omitted)); *Yesh Music v. Lakewood Church*, No. 4:11–CV–03095, 2012 WL 524187, at *8 (S.D. Tex. Feb. 14, 2012) ("[P]unitive damages cannot be recovered under the Copyright Act."); *Straus v. DVC Worldwide, Inc.*, 484 F. Supp. 2d 620, 647–48 (S.D. Tex. 2007) ("[P]unitive damages are generally not allowed in cases of copyright infringement.").

Neither the Copyright Act itself nor the case law interpreting it indicates that Congress intended to authorize punitive damages. Even accepting Plaintiff's factual allegations as true, the Court finds that he will be unable to obtain either punitive or mental anguish damages. As a result, Plaintiff's prayer for these forms of damages is not "plausible on its face" and is properly dismissed under Rule 12(b)(6). *Iqbal*, 556 U.S. at 668; *see also, Leutwyler v. Royal Hashemite Court of Jordan*, 184 F.Supp.2d 303, 308-309 (S.D.N.Y. 2001) (dismissing claim for punitive damages in copyright infringement case under Rule 12(b)(6)). Plaintiff may proceed with this case for any actual damages (i.e. lost profits) or, if he proves willful infringement, for statutory damages.

## CONCLUSION

In light of the foregoing analysis, the motion to dismiss Plaintiff's prayer for punitive and mental anguish damages is GRANTED. Doc. No. 16.

SIGNED this 27th day of January, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE