**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| HERMAN LEON BRICKEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. SA-13-CA-961-XR |
| | § | |
| AMAZON.COM, INC. et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**ORDER**

On this date, the Court considered Plaintiff's motion for summary judgment.  Doc. No. 23.  After careful consideration, the motion is DENIED.

**BACKGROUND**

This case arises out of a *pro se* copyright infringement claim stemming from Defendants allegedly unauthorized sale of Plaintiff's music album.  In June 2009, Plaintiff Herman "Bick" Brickey entered into a contract with Defendant CB Baby for the distribution of his CD, "Texas Blues and County Tear Jerkers."    Although Plaintiff's evidence is not entirely clear on this point, it appears as though sometime in March of 2012, Mr. Brickey requested that CD Baby discontinue sale of his CD.   Doc. No. 36.   Thereafter, Plaintiff contends that Defendants unlawfully continued sales.  Doc. No. 4.

On October 23, 2013, Plaintiff filed an original complaint in this Court alleging violations of the Copyright Act.  *Id.*  On December 23, 2013, this Court granted Defendants' partial motion to dismiss.  Doc. No. 17.  In that order, the Court dismissed Mr. Brickey's claim for $5,000,000 in punitive damages from each Defendant because the Copyright Act does not authorize that form of relief.  *Id.*    On January 30, 2014, Mr. Brickey filed a "motion to enclude

(sic)" certain letters he sent to Defendants. Doc. No. 21.  The Court denied the motion, noting that no motions for summary judgment had been filed and that therefore the submission of evidence for the Court's review was premature. Doc. No. 22.   Shortly thereafter, on February 3, 2014, Mr. Brickey filed this motion for summary judgment. Doc. No. 23.[1]

## LEGAL STANDARD

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-252 (1986).  Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails . . . to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The court must draw reasonable inferences and construe evidence in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). Although the evidence is viewed in the light most favorable to the nonmoving party, a nonmovant may not rely on "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" to create a genuine issue of material fact sufficient to survive summary judgment. *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004).

## DISCUSSION

For the purposes of this motion, the Court's inquiry is focused on whether Mr. Brickey has provided sufficient evidence of copyright infringement to establish that no genuine dispute of material fact exists and that he is entitled to judgment as a matter of law.   To establish a *prima*

---

[1] On February 18, 2014, Mr. Brickey filed a second "motion to enclude (sic)," which the Court construes as supplemental evidence to his motion for summary judgment.  Doc. No. 33.

*facie* case of copyright infringement, a plaintiff must demonstrate: "(1) ownership of a valid copyright, and (2) copying [by the defendant] of constituent elements of the work that are original." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991)).   A certificate of registration is generally considered *prima facie* evidence both that a copyright is valid and that the registrant owns the copyright. *Id.*   Mr. Brickey has included as evidence several certificates of registration. Doc. No. 33.   Defendants do not appear to dispute the fact that he owns a copyright on the relevant material.  Doc. No. 36.

Thus, the Court turns to the second prong of the test: whether actionable copying has occurred.  In general this analysis is divided into two parts.  The first question is whether the alleged infringer "actually used the copyrighted material in his own work." *Eng'g Dynamics, Inc. v. Structural Software, Inc*., 26 F.3d 1335, 1340 (5th Cir.1994) (citing *Feist*, 499 U.S. at 361).  "The second question is whether 'substantial similarity' exists between the copyrighted work and the allegedly infringing work." *Id.* at 1341.   For the purposes of this motion, the Court assumes that actionable copying will have occurred if Defendants sold Plaintiff's CD without his authorization.   However, there is a genuine factual dispute as to whether any such sales occurred after Mr. Brickey withdrew his authorization in March, 2012.

Aside from Mr. Brickey's own conclusory assertions, the only evidence that any unauthorized sale occurred are the website screenshots that Mr. Brickey attached to his complaint.  Doc. No. 1.   These screenshots appear to show his CD for sale on various merchant websites.   However, the screenshots are not conclusive evidence of infringement for two reasons.  First, it is not clear that the screenshots were taken post-March 2012 ,after Mr. Brickey had withdrawn his consent to have Defendants sell his CD.   Second, the fact that the websites

*advertised* the CD for sale is not conclusive proof that the CDs were actually *sold*.  Defendants contend that Mr. Brickey was paid in full for the CDs that were sold.  Doc. No. 36.   In addition they assert that Mr. Brickey's CD was not sold after he withdrew his consent.  *Id.*  As a result, there is a genuine issue of material fact as to whether any infringement of Mr. Brickey's copyright has occurred.   Having failed to conclusively establish that any infringement has occurred in the form of unauthorized sales, Mr. Brickey is not entitled to summary judgment.

## CONCLUSION

In light of the foregoing analysis, Plaintiff's motion for summary judgment is DENIED.  Doc. No. 23.    In addition, the Court has considered the materials in Plaintiff's motion to supplement, rendering that motion MOOT.  Doc. No. 33.

SIGNED this 21st day of February, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE