IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HERMAN LEON BRICKEY, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. SA-13-CA-961-XR |
| AMAZON.COM, INC. et al., | § § § | |
| Defendants. | § § § | |

**ORDER**

On this date, the Court considered Defendants Amazon.com, Inc. ("Amazon") and CD Baby's motion for summary judgment. Doc. No. 59. After careful consideration, the motion is GRANTED.

**BACKGROUND**

This case arises out of a *pro se* copyright infringement claim stemming from Defendants allegedly unauthorized sale of Plaintiff Herman "Bick" Brickey's music album. In June of 2009, Mr. Brickey entered into a contract with Defendant CB Baby for the distribution of his CD, "Texas Blues and County Tear Jerkers." In March of 2012, Mr. Brickey requested that CD Baby discontinue the sale of his CD. Doc. No. 33 at p. 3. The core of Mr. Brickey's copyright infringement claim is his contention that Defendants unlawfully continued sales after he withdrew consent. Doc. No. 4. at 4.

On October 23, 2013, Mr. Brickey filed an original complaint in this Court alleging violations of the Copyright Act. *Id.* On December 23, 2013, this Court granted Defendants' partial motion to dismiss. Doc. No. 17. In that order, the Court dismissed Mr. Brickey's claim for $5,000,000 in punitive damages from each Defendant because Congress did not authorize

1

that form of relief in the Copyright Act. *Id.* On February 21, 2014, the Court denied Plaintiff's motion for summary judgment on the grounds that Mr. Brickey had not conclusively established that copyright infringement had occurred. Doc. No. 41. After the parties were unable to finalize a tentative settlement agreement, Defendants filed the instant motion for summary judgment on June 30, 2014. Doc. No. 59.

## LEGAL STANDARD

Summary judgment is proper when the evidence shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-252 (1986). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails . . . to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

The court must draw reasonable inferences and construe evidence in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Although the evidence is viewed in the light most favorable to the nonmoving party, a nonmovant may not rely on "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence" to create a genuine issue of material fact sufficient to survive summary judgment. *Freeman v. Tex. Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004).

## DISCUSSION

Plaintiff has not responded to this motion within the time provided by the local rules to do so. During the pendency of this case *pro se* Plaintiff has repeatedly attempted to submit "evidence" to the Court. *See* Docs Nos. 15, 21. Although not properly filed in conjunction with

any motion, the Court has reviewed this documentary evidence as part of its summary judgment analysis to ascertain whether a fact issue exists. *Eversley v. MBank of Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (noting that courts may not grant "default" summary judgment even if the non-movant does not respond).

To establish a *prima facie* case of copyright infringement, a plaintiff must demonstrate: "(1) ownership of a valid copyright, and (2) copying [by the defendant] of constituent elements of the work that are original." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991)). A certificate of registration is generally considered *prima facie* evidence both that a copyright is valid and that the registrant owns the copyright. *Id.* Mr. Brickey has provided several certificates of registration. Doc. No. 33. Defendants do not dispute that Mr. Brickey was a valid copyright owner. Doc. No. 59 at ¶ 2.

Therefore, the key question is whether actionable copying occurred in the form of unauthorized sales of Mr. Brickey's copyrighted work. The parties agree that on June 8, 2009, Mr. Brickey authorized Defendant CD Baby and its affiliates to sell both hard copy and digital versions of his CD. Doc. No. 59, Ex. 2. Moreover, there is no factual dispute that Mr. Brickey was compensated for all sales that occurred during this time period. Doc. 59. Ex. 5, *see also* Declaration of Joel Andrew at ¶ 8. Mr. Brickey does not argue that any of the Defendants breached this agreement. Instead, he asserts that Defendants unlawfully continued their sales after March 27, 2012, the date on which he withdrew his consent for them to sell his music. Doc. No. 1.

As evidence that these unauthorized sales occurred, Mr. Brickey has provided screenshots of various websites showing his CD for sale. Docs No. 1 & 15. Resolving the

inference in favor of non-movant Plaintiff that these screenshots were taken after he withdrew his consent on March 27, 2012, they do not establish how many (if any) of his CDs were sold after that date. Defendants concede that one such sale occurred on Amazon after Mr. Brickey withdrew his consent. Doc. No. 59 at ¶ 11. However, the uncontroverted evidence shows that Amazon was the rightful owner of the copy that was sold. *See* Declaration of Dung Phan at ¶ 6, Doc. No. 59, Ex. 6. Specifically, Mr. Phan testified that Amazon had purchased the copy it sold from Super D, another CD distributor. *Id.* Super D had purchased the copy from CD Baby while CD Baby was authorized to sell Plaintiff's works. *Id.* Since Mr. Brickey was compensated for all the CDs sold by CD Baby, he had already been compensated for the one CD that Amazon re-sold after Mr. Brickey withdrew his consent for sale. *Id.* at ¶ 7.

Under the "first sale" doctrine, no copyright infringement occurred with respect to this sale because Amazon.com was the lawful owner of the CD it sold and was therefore "entitled, without the authority of the copyright owner, to sell." 17 U.S.C. § 109(a); *see also Quality King Distributors, Inc. v. L'anza Research Intl, Inc.*, 523 U.S. 135 (1998) (discussing first sale doctrine). It is well settled that the protections afforded by the Copyright Act are not absolute. Cf. *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 155 (1975) ("The Copyright Act does not give a copyright holder control over all uses of his copyrighted work") (internal quotations omitted). Mr. Brickey has no statutory right to recover additional compensation for the sale of a CD that was sold by its rightful owner, Amazon. Finally, Plaintiff does not provide any evidence to create a fact issue that any other copies were sold for which the "first sale" doctrine may not apply.[1] Accordingly, Defendants are entitled to summary judgment on Plaintiff's copyright infringement claim.

---

[1] In fact, Mr. Brickey has stated that he has provided "all my true facts before the Court," as of March 13, 2014. Doc. No. 49.

Several issues remain.  Although the case against Defendants CD Baby and Amazon.com is DISMISSED, Mr. Brickey also had originally sued Rebecca Valadez, Jeffrey Bezos, and CD Universe.  When the Magistrate Judge granted Mr. Brickey leave to file *in forma pauperis*, she permitted the claims to go forward against Amazon.com and CD Universe only.[2]  Doc. No. 3.  Accordingly, there are no live claims against Defendants Valadez and Bezos, neither of whom have been served.  The case is therefore DISMISSED as against these Defendants.  However, Defendant CD Universe appears to have been served in this action and has not filed a response.  Doc. No. 10.   If Mr. Brickey wishes to proceed with this case against CD Universe, he must file for entry of default on or before August 1, 2014.  Failure to do so will lead to this case being dismissed for failure to prosecute.

Next, there is the issue of Defendants' counterclaim for which Mr. Brickey is in default.  Doc. No. 58.  Since default was entered against Mr. Brickey, the Court accepts all factual allegations that relate to liability as true.  *Jackson v. FIE Corp.*, 302 F.3d 515, 524-25 (5th Cir. 2002).  Accordingly, Mr. Brickey has breached his agreement with Defendants that he would hold them harmless and indemnify them for any litigation arising out of their contract.  *See* Doc. No. 34, Ex. 1.  Defendants seek to recoup their attorney's fees as damages and have stated their intention to negotiate in good faith with Mr. Brickey regarding a reasonable accommodation.  Doc. No. 59.  If no agreement is reached, Defendants may seek a default judgment.  *See* FED. R. CIV. P. 55

## CONCLUSION

In light of the foregoing analysis, Defendants' motion for summary judgment is GRANTED.  Doc. No. 59.  If Mr. Brickey wishes to proceed with this case against CD Universe, he must file for entry of default on or before August 1, 2014.

---

[2] This Court later allowed Mr. Brickey to add CD Baby as a Defendant.  Doc. No. 17.

SIGNED this 18th day of July, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE